COLUMBUS, DEL. & MAR. ELECT. CO. v. P. U. C.

BEBOUT v. P. U. C.

BUCKEYE STAGES INC. v. P. U. C.

Ohio Supreme Court.

Nos. 20738-39-40. Decided Dec. 21, 1927.

Error to P. U. C.

Order affirmed.

Ralph H. Sanborn, Cleveland, and Geo. T. Poor, Cincinnati, for Buckeye Stages, Inc. and Bebout; Wm. P. Moloney, Marion, for C. D. & M. Elect. Ry. Co.

E. C. Turner, Atty. Genl. and A. M. Calland, Columbus, for P. U. C.

Syllabus by Editorial Staff.

**973. PUBLIC UTILITIES COMMISSION —Court will not disturb findings of, on questions of fact, unless same are manifestly against weight of evidence.**

STATEMENT OF FACTS.

W. F. Reynolds is the owner and holder of a certificate of public convenience and necessity, authorizing motor transportation from the city of Mansfield in Richland county to the city of Delaware in Delaware county, passing through the city of Mt. Gilead in Morrow county. Said Reynolds filed an application with the Public Utilities Commission of Ohio for an extension of his operation, so that he would be entitled to operate, in addition to his present operation, a motor transportation line from a point about a mile and a half or two miles south of Mt. Gilead, over various highways, into the city of Columbus.

Pursuant to the statute, notices were sent by the Commission to various companies, four of which filed protests against granting of the extension applied for.

On hearing, the Commission granted the application of said Reynolds for the extension of his route.

Motions for rehearing were filed by three of the four protesting companies, the fourth apparently being satisfied with the findings of the Commission in the line of certain restriction. Upon a denial of these applications for rehearing, error was prosecuted by the three protesting companies.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

BY THE COURT.

The third and paramount ground of reversal claimed is that this extension was establishing a new transportation operation between Mansfield, Mt. Gilead and Columbus, without any showing made that public convenience and necessity demanded or required such operation. This ground is, therefore, based upon a determination of a question of fact and goes to the weight of the evidence.

The Commission would be justified in granting this extension if the preponderance of the evidence showed that the public affected by such proposed extension did not have adequate common carrier transportation service and that the granting of such extension would serve the convenience and necessity of the general public and eliminate the inadequacy and inconvenience of such lack of service, the needs of the public being the primary consideration.

The Public Utilities Commission apparently found that the public to be served by the proposed extension has not adequate common carrier transportation service; that there was a public convenience to be served and a necessity for such services.

Such being its conclusion and there being evidence sufficient to sustain the same, we cannot substitute our judgment for that of the Commission. Entertaining these views, it is our conclusion that findings and order of the Commission are neither unreasonable nor unlawful and the same are therefore affirmed.

(Marshall, CJ., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

# SYLLABI

INDUST. COM. v. KAMRATH.

Ohio Supreme Court.

No. 2067. Decided Jan. 11, 1928.

Error to Montgomery Appeals.

Judgment reversed.

**1283. WORKMEN'S COMPENSATION— 1. Rights of injured employes and dependents of killed employes, to participate in state insurance fund, limited to those conferred by statute.**

**2. Statutes in force at time cause of action accrues are measure of such participation.**

**3. Cause of action of injured employe accrues at time of injury and of dependents of killed employe at time of death of employe.**

ROBINSON, J.

1. The rights of injured employes and the dependents of killed employes to participate in the states insurance fund are such, and such only, as are conferred by statutory law.

2. The provisions of the General Code relating to compensation of injured employes or the dependents of killed employes in force at the time the cause of action accrues are the measure of the right of such employes and dependents to participate in the state insurance fund.

3. The cause of action of an injured employe accrues at the time he receives an injury in the course of his employment.

4. The cause of action of a dependent of a killed employe accrues at the time the employe dies from an injury received in the course of his employment.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)